# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| **v.** | ) | **ID No. 1204000588** |
| | ) | |
| **ANTONIO BALTAZAR,** | ) | |
| | ) | |
| Defendant. | ) | |

*SUBMITTED: April 4, 2024*
*DECIDED: May 22, 2024*

## ORDER

*Upon Consideration of Defendant's Motion for Correction of Sentence and Motion to Amend*

## DENIED.

This 22nd day of May, 2024, upon consideration of the Motion for Correction of Sentence and Motion to Amend filed by Defendant Antonio Baltazar, A.K.A. Omar Rivera ("Baltazar" or "Defendant"), it appears to the Court that:

1. Defendant entered a guilty plea to four counts of Robbery in the First Degree and one count of burglary in the second degree.[1] He was sentenced on June 14, 2013 to 25 years at Level 5, followed by probation.[2]

---

[1] Docket Item ("D.I.") D.I. 51.
[2] *Id*.

2. Motions for correction of illegal sentence must be brought pursuant to Superior Court Rule of Criminal Procedure 35(a).[3] Under Rule 35(a), the Court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.[4]

3. Further, under Superior Court Rule 35(b)[5]:

> the court may reduce a sentence of imprisonment on a motion made 90 days after the sentence is imposed. This period shall not be interrupted or extended by an appeal, except that a motion may be made within 90 days of the imposition of sentence after remand for a new trial or for resentencing.

4. On March 27, 2024, Defendant filed these Motions: (1) Motion for Correction of Sentence; and (2) Motion to Amend.[6]

5. Baltazar's first Motion for Correction of Sentence was litigated and denied on February 24, 2020.[7] Since then, he has filed two more motions under Superior Court Criminal Rule 35, including this one. Baltazar unsuccessfully appealed previous denials in 2015[8] and 2020.[9] This time, Baltazar asks to amend his

---

[3] Super. Ct. Crim. R. 35(a).
[4] *Id*.
[5] Super. Ct. Crim. R. 35(b).
[6] D.I. 57.
[7] D.I. 59.
[8] D.I. 52.
[9] D.I. 58.

2

sentence because "they are not included within the sentencing order."[10] He also now makes a claim for correction of sentence.[11] In that claim, he argues:

> Illegal Sentence occurred when the State failed to present sufficient evidence to establish Defendant's sentence under indictment.[12]

6. Under Rule 35(a), Defendant has not established that the sentence imposed is illegal. Defendant pled guilty. His guilty plea included admissions that he committed the crimes for which he was indicted. This Court has previously ruled that Defendant's guilty plea was done knowingly, intelligently and voluntarily. The sentence imposed by the court included 25 years at Level V, 20 of which was minimum mandatory time and was well within the statutory maximum of 110 years. There is simply nothing illegal about Defendant's sentence under Rule 35(a).

7. Defendant is not entitled to relief under Rule 35(b). Motion was filed more than 90 days after imposition of the sentence and is, therefore, time barred.[13] Pursuant to Superior Court Rule 35(b),[14] the Court will not consider repetitive requests for reduction or modification of sentence. Even if this motion was timely and not repetitive, the Court does not find the existence of any

---

[10] D.I. 61.
[11] D.I. 60.
[12] *Id*.
[13] D.I. 59; Super. Ct. Crim. R. 35(b).
[14] Super. Ct. Crim. R. 35(b).

extraordinary circumstances justifying relief.  No additional information has been provided to the Court which would warrant a reduction or modification of this sentence.

For the foregoing reasons, Baltazar's third Motion for Correction of Sentence is **DISMISSED**.

**IT IS SO ORDERED**.

/s/ *Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

*Original to Prothonotary*

cc:　Antonio Baltazar, SBI 00570210, SCI, Bldg. STB-A
　　 Joseph S. Grubb, Deputy Attorney General